MATTHEW D. MURPHEY (SBN 194111)
matt.murphey@troutmansanders.com
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092
Tel: (858) 509-6000 / Fax: (858) 509-6040

Attorneys for Plaintiffs LIFE TECHNOLOGIES
CORPORATION, MOLECULAR PROBES, INC., and
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, MOLECULAR PROBES, INC., and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>EBIOSCIENCE, INC.,<br><br>Defendant. | Case No. **'12 CV 2156 MMA KSC**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND**<br><br>[Related to Case No. 10cv2127-IEG (NLS)] |

Plaintiffs LIFE TECHNOLOGIES CORPORATION ("Life Technologies"), MOLECULAR PROBES, INC. ("Molecular Probes"), and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("UC"), (herein collectively referred to as "Plaintiffs") complain against Defendant EBIOSCIENCE, INC. ("Defendant") as follows:

**JURISDICTION AND VENUE**

1.      This civil action for patent infringement arises under the patent laws of the United States, specifically under Title 35 of the United States Code, Sections 271, *et seq*.  Subject matter jurisdiction in this Court is founded upon 28 U.S.C. §§ 1331 and 1338(a).  The Court has personal jurisdiction over Defendant in that it is a California corporation with a principal place of business in this district.  In addition, Defendant regularly conducts business in this district and has committed acts in this judicial district that give rise to this action.

2. Defendant has committed acts of infringement within this judicial district giving rise to this action. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 28 U.S.C. § 1400(b).

**REGARDING THE PARTIES**

3. Plaintiff Life Technologies is a Delaware corporation, with its principal place of business at 5791 Van Allen Way, Carlsbad, California 92009.

4. Plaintiff Molecular Probes is an Oregon corporation, with offices in Eugene, Oregon. Plaintiff Molecular Probes is a wholly owned subsidiary of Plaintiff Life Technologies.

5. Plaintiff UC is a public entity existing under the laws of the state of California.

6. Plaintiffs are informed and believe, and on that basis allege, that Defendant eBioscience, Inc. is a California corporation that has its principal place of business in San Diego, California.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '359 Patent)**

7. Plaintiffs repeat and reallege the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

8. United States Letters Patent No. 8,071,359 (the "'359 Patent"), was duly and legally issued by the United States Patent and Trademark Office on December 6, 2011, and subsequently assigned to UC. Plaintiffs Life Technologies and Molecular Probes jointly hold a lawfully acquired, exclusive license to the '359 Patent from UC. A true and correct copy of the '359 Patent is attached hereto and incorporated herein by reference as Exhibit 4.

9. Defendant has been infringing, contributing to the infringement of, and/or inducing others to infringe the '359 Patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale and selling and/or causing to be offered or sold certain eFluor® products that infringe one or more claims of the '359 Patent literally and/or under the doctrine of equivalents.

10. Defendant's infringing products include, but are in no way limited to, Defendant's eFluor® Nanocrystals Products.

11.     Upon information and belief, Defendant had knowledge of the published patent application corresponding to the '359 Patent, U.S. Publication No. US 2007/0111350, which published on May 17, 2007, prior to its issuance as the '359 Patent, as Defendant was aware of the '359 Patent's parent application and patent family as a result of the parties' concurrent litigation in *Life Technologies Corporation, Molecular Probes, Inc., and The Regents of the University of California v. Ebioscience Inc.*, Case No. 10CV2127, filed on October 12, 2010, United States District Court, Southern District of California ("Case No. 10CV2127"). On information and belief, Defendant has had knowledge of the '359 Patent and its infringement since the patent issued on December 6, 2011. On information and belief, Defendant has at least had knowledge of the '359 Patent and its infringement since at least August 8, 2012, when Plaintiffs informed Defendant that they intended to amend their complaint in Case No. 10CV2127 to assert the '359 Patent.

12.     Plaintiffs have been damaged and have suffered irreparable injury due to the Defendant's acts of infringement, and Plaintiffs will continue to suffer irreparable injury unless Defendant's acts are enjoined.

13.     Plaintiffs Life Technologies and Molecular Probes have suffered and will continue to suffer substantial damage to their business in the form of lost profits by reason of Defendant's acts of patent infringement as alleged herein, and Plaintiffs Life Technologies and Molecular Probes are entitled to recover from Defendant the damages sustained as a result of Defendant's acts.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '360 Patent)**

14.     Plaintiffs repeat and reallege the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

15.     United States Letters Patent No. 8,071,360 (the "'360 Patent"), was duly and legally issued by the United States Patent and Trademark Office on December 6, 2011, and subsequently assigned to UC. Plaintiffs Life Technologies and Molecular Probes jointly hold a

1  lawfully acquired, exclusive license to the '360 Patent from UC.  A true and correct copy of the
2  '360 Patent is attached hereto and incorporated herein by reference as Exhibit 5.

3  16.     Defendant has been infringing, contributing to the infringement of, and/or
4  inducing others to infringe the '360 patent by making, manufacturing, promoting, marketing,
5  advertising, distributing, offering for sale and selling and/or causing to be offered or sold certain
6  eFluor® products that infringe one or more claims of the '360 Patent literally and/or under the
7  doctrine of equivalents.

8  17.     Defendant's infringing products include, but are in no way limited to, Defendant's
9  eFluor® Nanocrystals Products.

10  18.    Upon information and belief, Defendant had knowledge of the published patent
11  application corresponding to the '360 Patent, U.S. Publication No. US 2009/0253211, which
12  published on March 20, 2009, prior to its issuance as the '360 Patent, as Defendant was aware of
13  the '360 Patent's parent application and patent family as a result of the parties' concurrent
14  litigation in Case No. 10CV2127.  On information and belief, Defendant has had knowledge of
15  the '360 Patent and its infringement since the patent issued on December 6, 2011.  On
16  information and belief, Defendant has at least had knowledge of the '360 Patent and its
17  infringement since at least August 8, 2012, when Plaintiffs informed Defendant that they intended
18  to amend their complaint in Case No. 10CV2127 to assert the '360 Patent.

19  19.    Plaintiffs have been damaged and have suffered irreparable injury due to the
20  Defendant's acts of infringement, and Plaintiffs will continue to suffer irreparable injury unless
21  Defendant's acts are enjoined.

22  20.    Plaintiffs Life Technologies and Molecular Probes have suffered and will continue
23  to suffer substantial damage to their business in the form of lost profits by reason of Defendant's
24  acts of patent infringement as alleged herein, and Plaintiffs Life Technologies and Molecular
25  Probes are entitled to recover from Defendant the damages sustained as a result of Defendant's
26  acts.

27
28

## THIRD CLAIM FOR RELIEF
### (Infringement of the '361 Patent)

21. Plaintiffs repeat and reallege the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

22. United States Letters Patent No. 8,071,361 (the "'361 Patent"), was duly and legally issued by the United States Patent and Trademark Office on December 6, 2011, and subsequently assigned to UC. Plaintiffs Life Technologies and Molecular Probes jointly hold a lawfully acquired, exclusive license to the '361 Patent from UC. A true and correct copy of the '361 Patent is attached hereto and incorporated herein by reference as Exhibit 6.

23. Defendant has been infringing, contributing to the infringement of, and/or inducing others to infringe the '361 Patent by making, manufacturing, promoting, marketing, advertising, distributing, offering for sale and selling and/or causing to be offered or sold certain eFluor® products that infringe one or more claims of the '361 Patent literally and/or under the doctrine of equivalents.

24. Defendant's infringing products include, but are in no way limited to, Defendant's eFluor® Nanocrystals Products.

25. Upon information and belief, Defendant had knowledge of the published patent application corresponding to the '361 Patent, U.S. Publication No. US 2010/0155668, which published on June 24, 2010, prior to its issuance as the '361 Patent, as Defendant was aware of the '361 Patent's parent application and patent family as a result of the parties' concurrent litigation in Case No. 10CV2127. On information and belief, Defendant has had knowledge of the '361 Patent and its infringement since the patent issued on December 6, 2011. On information and belief, Defendant has at least had knowledge of the '361 Patent and its infringement since at least August 8, 2012, when Plaintiffs informed Defendant that they intended to amend their complaint in Case No. 10CV2127 to assert the '361 Patent.

26. Plaintiffs have been damaged and have suffered irreparable injury due to the Defendant's acts of infringement, and Plaintiffs will continue to suffer irreparable injury unless Defendant's acts are enjoined.

27. Plaintiffs Life Technologies and Molecular Probes have suffered and will continue to suffer substantial damage to their business in the form of lost profits by reason of Defendant's acts of patent infringement as alleged herein, and Plaintiffs Life Technologies and Molecular Probes are entitled to recover from Defendant the damages sustained as a result of Defendant's acts.

**RELIEF REQUESTED**

28. Judgment that Defendant has infringed, contributed to the infringement of, and induced infringement of, literally and/or under the doctrine of equivalents, the asserted claims of the '359, '360, and '361 Patents;

29. That Defendant and its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all other persons acting in concert or in participation with it, be temporarily and preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter, from infringing the '359, '360, and '361 Patents, and specifically from directly or indirectly making, using, selling, offering for sale, or importing any products or services embodying the inventions of the '359, '360, and '361 Patents during the life of the claims of the '359, '360, and '361 Patents without the express written authority of Plaintiffs;

30. That Defendant be directed to fully compensate Plaintiffs for all damages attributable to Defendant's infringement of the '359, '360, and '361 Patents in an amount according to proof at trial, but not less than a reasonable royalty;

31. That Defendant be ordered to deliver to Plaintiffs, for destruction at Plaintiffs' option, all products that infringe the '359, '360, and '361 Patents;

32. That Defendant be required to account for all gains, profits, advantages, and unjust enrichment derived from its violations of the law;

33. That Plaintiffs be awarded their reasonable attorneys' fees incurred in connection with this matter;

34. That Plaintiffs be awarded the costs of suit, and an assessment of interest; and,

1       35.     That Plaintiffs have such other, further, and different relief as the evidence may
require and as the Court deems proper under the circumstances.

Dated: August 30, 2012            TROUTMAN SANDERS LLP


                                  By: /s/ Matthew D. Murphey
                                  MATTHEW D. MURPHEY (SBN 194111)
                                  matt.murphey@troutmansanders.com
                                  TROUTMAN SANDERS LLP
                                  11682 El Camino Real, Suite 400
                                  San Diego, CA  92130-2092

                                  Attorneys for Plaintiffs LIFE TECHNOLOGIES
                                  CORPORATION, MOLECULAR PROBES, INC. and
                                  THE REGENTS OF THE UNIVERSITY OF
                                  CALIFORNIA

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA  92130

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all claims, causes of action, issues, and defenses properly triable before a jury.

Dated: August 30, 2012          TROUTMAN SANDERS LLP


By:  /s/ Matthew D. Murphey
MATTHEW D. MURPHEY (SBN 194111)
matt.murphey@troutmansanders.com
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092

Attorneys for Plaintiffs LIFE TECHNOLOGIES CORPORATION, MOLECULAR PROBES, INC. and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA